UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA GARCIA-GOOCH,<br><br>              Plaintiff,<br><br>     v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>              Defendant. | Case No. 1:19-cv-01268-EPG<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE TO THIS CASE<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EFFECTUATE SERVICE, FAILURE TO COMPLY WITH THE COURT'S ORDER, AND FAILURE TO PROSECUTE |

Plaintiff, Roberta Garcia-Gooch, is proceeding *pro se* and *in forma pauperis* in this action for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding her application for Social Security Disability Insurance Benefits. For the reasons discussed below, the Court recommends that the case be dismissed without prejudice.

Plaintiff filed the complaint initiating this action on September 11, 2019. (ECF No. 1.) Under the Federal Rules of Civil Procedure, Plaintiff had 90 days after filing the complaint to serve Defendant. Fed. R. Civ. P. 4(m).[1]

---

[1] Rule 4(m) provides:

1

On February 20, 2020, after significantly more than 90 days had passed since Plaintiff filed her complaint and since the Court issued the summons,[2] the Court issued an order to show cause ("OSC") requiring Plaintiff to show cause why her case should not be dismissed for failure to effectuate service in accordance with the 90-day time limit in Rule 4(m). (ECF No. 8.)

On March 5, 2020, Plaintiff filed her response to the OSC, explaining that she had been very ill and unable to complete service during the allotted time. (ECF No. 9.) Plaintiff also explained that she was searching for counsel to represent her and requested that she be granted a three- to four-week extension of time to effectuate service. (*Id.*)

Based on the representations of Plaintiff, the Court discharged the order to show cause, granted Plaintiff's requested extension of time, and reminded Plaintiff that she could request the assistance of the Court in effectuating service at no cost to herself. (ECF No. 10.) Plaintiff was directed to file a return of service by no later than April 10, 2020, demonstrating that Defendant had been served. (*Id.*)

The April 10, 2020, deadline passed, and Plaintiff did not file a return of service, request additional time, or request the assistance of the Court in effectuating service. Therefore, on April 15, 2020, the Court issued a second OSC, requiring Plaintiff to show cause why the case should not be dismissed for failure to timely effectuate service. (ECF No. 11.) The Court again reminded Plaintiff that she could request the assistance of the Court in effectuating

---

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m).

[2] The summons was not issued until October 23, 2019. The delay between the filing of the complaint and the issuance of the summons is due to Plaintiff's initial motion to proceed *in forma pauperis* (ECF No. 2), which the Court denied because it was incomplete (ECF No. 3). Plaintiff filed a renewed application to proceed *in forma pauperis* on October 21, 2019 (ECF No. 4), which the Court granted on October 23, 2019 (ECF No. 5). The Court also issued the summons on October 23, 2019 (ECF No. 6).

service at no cost to herself. The Court also instructed Plaintiff that she could file her response to the OSC by U.S. mail, and provided Plaintiff with the Court's address. (*Id.*)

The deadline for Plaintiff to file her written response to the second OSC has passed, and Plaintiff has not filed a response or otherwise contacted the Court.

A court may involuntarily dismiss a case where "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order. . . ." Fed. R. Civ. P. 41(b); *see Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (a court may *sua sponte* involuntary dismiss a case under Rule 41(b) for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors are "not a series of conditions precedent before the judge can do anything," but a "way for [the presiding] judge to think about what to do." *In re PPA*, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quotation marks omitted). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . ." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Here, Plaintiff's lack of communication with the Court leaves the Court no other reasonable alternative to address Plaintiff's failure to effectuate service, failure to comply with the Court's order, and

prosecute this case. *See In re PPA*, 460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441. This factor accordingly weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Patagalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id*. at 643. Plaintiff's failures to effectuate service, comply with the Court's order, and prosecute this case has and will continue to cause a delay in this proceeding. Therefore, this third factor weighs in favor of dismissal.

As to the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's lack of response or other communication with the Court and her *in forma pauperis* status. Further, given the nature of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id*.

After weighing the factors, the Court finds that dismissal is appropriate. Accordingly,

IT IS ORDERED that the Clerk of the Court is directed to assign a district judge to this case.

IT IS RECOMMENDED that:

1. This action be DISMISSED without prejudice because of Plaintiff's failure to effectuate service, failure to obey the Court's order, and failure to prosecute this case; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations."

    Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 8, 2020**                    /s/ Erica P. Grosjean
                                                   UNITED STATES MAGISTRATE JUDGE